# EXHIBIT A

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED, an Illinois Corporation, and JANE DOE, Individually and as an Employee of the Other Plaintiffs,

No. 2011 L 9024

(Name all parties)

v.

GOOGLE, INC., a Delaware Corporation

GOOGLE, INC.
c/o Illinois Corporation Service,
Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703

## ⊙ SUMMONS  ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 24578
Name: David A. Novoselsky/Novoselsky Law Offices
Atty. for: Plaintiffs
Address: 120 North LaSalle Street, Suite 1400
City/State/Zip: Chicago, IL 60602
Telephone: 312-346-8930

WITNESS, SEP 2 1 2011

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED, an Illinois Corporation, and JANE DOE, Individually and as an Employee of the Other Plaintiffs, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. ) |
| GOOGLE, INC., a Delaware Corporation, | ) JURY DEMAND 11L009024 ) CALENDAR/ROOM X ) TIME 00:00 |
| Defendant. | ) Libel/Slander |

## COMPLAINT AT LAW

### PARTIES

1. DR. JOHN DOE is a physician licensed to practice law within the State of Illinois by the Department of Professional Registration of the State of Illinois. ("DR. DOE").

2. DR. JOHN DOE INCORPORATED ("DR. DOE, INC.") is an Illinois Limited Liability Corporation.

3. JANE DOE is a licensed medical professional in the employment of the other Plaintiffs, also licensed by the appropriate regulatory authorities in the State of Illinois.

4. Defendant GOOGLE, INC., ("GOOGLE") is a Corporation which is incorporated in the State of Delaware, has its principal place of business in the State of California, and is licensed to and does business within the State of Illinois.

### FACTS COMMON TO ALL COUNTS

5. Plaintiffs, DR. DOE and JANE DOE, are duly-licensed medical professionals who practice their business within the State of Illinois. Plaintiff DR. DOE, INC. is licensed to do business in and has its principal place of business within the State of Illinois.

00050308.WPD; v. 1

6. In the course of performing their professional duties, Plaintiffs care for patients at their facility located within the State of Illinois. At that facility, they provide medical treatment, surgery, the application of properly-licensed and properly-applied drugs and other medications, and otherwise have for a long period of time provided professional and effective medical care to the citizens of the State of Illinois and others States.

7. Over the last ten years, Defendant GOOGLE has developed a series of programs and sites which it distributes through an electronic medium available to the public known as the "Internet". In providing those services, Defendant GOOGLE has developed a site or series of sites which include supposed "ratings" of various businesses and professionals where consumers are encouraged to inquire electronically from sites located within the State of Illinois to evaluate and determine whether to do business with various individuals and entities located within the State of Illinois, including but not limited to the Plaintiffs in this case.

8. In addition to the above, Defendant GOOGLE maintains a series of sites known as "blogs" and other similar sites which provide what purport to be accurate reports of experiences of various consumers and other members of the public with various individuals located within the State of Illinois including but not limited to the Plaintiffs.

9. Neither this rating site nor the so-called "blogs" and other reports are monitored by Defendant GOOGLE for accuracy or monitored to determine whether these sites are being used to libel or otherwise intentionally denigrate both the person and professional qualifications or services of individuals and entities located within the State of Illinois including but not limited to these Plaintiffs.

10. Indeed, on various occasions through and including the Spring of 2011, Plaintiff DR. DOE repeatedly attempted to bring to the attention of Defendant GOOGLE that the GOOGLE sites were being used to libel Plaintiffs by the publication of false statements directed against Plaintiff DR. DOE, Plaintiff DR. DOE, INC. as well as his associate and employee, JANE DOE. Examples of these false statements were provided to Defendant GOOGLE by Plaintiff DR. DOE and requests were made asking GOOGLE to cease and desist.

11. Defendant GOOGLE refused to heed the requests made to stop the publication and republication of various libels against Plaintiffs being posted at and distributed by Defendant GOOGLE despite the requests made to cease and desist.

12. The libelous statements are contained in the sealed Appendix being submitted under separate cover to this Court along with a copy being served upon Defendant GOOGLE. The appendix, incorporated herein by reference contains statements which are libelous and which were all printed, reprinted and distributed by Defendant GOOGLE as referred to above. Included, as representative examples only, are the following general matters:

- That a supposed patient stated on April 22, 2011 that she had injectable fillers done to her by Defendant JANE DOE at Plaintiffs' facility resulting in facial lumps which would require multiple surgeries to correct. This statement, when made, was neither true nor believed to be true by the person posting this libel at Defendant's sites. In addition, this same poster insisted that Plaintiff JANE DOE was posting at Defendant's site what were referred to as "fake" postings praising herself and the other Plaintiffs as self-generated favorable publicity. Defendant had more than ample opportunity to investigate and remove these statements but refused to do so.

- Defendant posted statements purportedly made by Plaintiff DR. DOE's patient regarding surgical procedures and results which were not true, were known not to be true at the time the statements were made, and which Defendant GOOGLE was offered repeated opportunities to remove

from their site once the libelous and false nature of these statements were made known to Defendant GOOGLE.

- Defendant GOOGLE has posted and continues to post not only at its rating site but also at the supposed "blogs" repeated statements made by individuals who falsely claim to have been patients and/or to have been treated improperly by Plaintiffs when those statements are not true and have been shown not to be true to Defendant GOOGLE.

- Defendant GOOGLE, although it knows or should know of the potential adverse impact to Plaintiffs and others similarly situated of false statements placed at its so-called "review sites" and/or its "blogs", provides no method to those libeled and falsely accused at their sites to effectively challenge those statements or to obtain a retraction or any form of "filter" which will prevent further and repeated libels by malicious individuals who make use of Defendant's sites for the publication of these lies. As a result, Defendant GOOGLE has declined to accept any responsibility for or effective means of moderating or eliminating its libelous publications, insisting instead that these libels shall be freely encouraged and made available to its users and advertisers.

- Defendant GOOGLE is not an eleemosynary institution. Instead, it is a commercial and highly profitable publicly-traded company which realizes its considerable profits by widespread publication of statements at its various sites. As such, it has an obligation under the law to avoid publishing or republishing false statements and libels, but declines to fulfill that obligation in its continued effort to increase its profits while ignoring the converse of those profits, the responsibility for the harm caused to Plaintiffs and others similarly situated by this widespread and very effective libel.

## COUNT I

### LIBEL *PER SE*

13. Plaintiffs hereby incorporate and reallege all of the foregoing allegations in paragraphs 1 through 12 of this Complaint Law.

14. Libel *Per Se* has been described as a "unique category of defamation." (*Singston v. Ridge Country Club*, 35 F.3d 568 (7th Circuit, 1994).) It has been limited to certain types of

statements which are "so harmful that damages must be presumed" which include but are not limited to claims that a professional such as a doctor, attorney, accountant, or licensed nurse has performed improperly in their practice or has been so wanting in skill or care that patients have suffered as a result. (See *Chapsky v. Kopley Press*, 92 Ill.2d 344 (1982).)

15. To have committed the tort of Libel *Per Se* a Defendant must have made a statement or republished a statement in written form which accuses the Plaintiff of having deviated from the appropriate professional standard of are in having done so with a want of skill or with neglect thereby causing damage to the client or patient of the professional.

16. As set forth in the preceding paragraphs of this Complaint, Defendant, through its electronic sites, published numerous statements attacking the integrity and skill of Plaintiffs, stating that care was offered to and procedures were performed upon various members of the public who hired Plaintiffs to perform services which were done without the requisite level of skill and care required of a professional, and that Plaintiffs' patients suffered a bad result or were charges excessive fees as a result of this want of care or skill.

17. At the time these statements were published by Defendant, Defendant knew or was indifferent to the fact that these statements were false and were being published with malicious intent by the various anonymous or falsely-identified posters who utilize Defendant's services to publish and then spread these libels against Plaintiffs.

18. Although Libel *Per Se* assumes damages, Plaintiffs have in fact suffered damages as a result of these libelous statements, having lost income as a result and having suffered embarrassment, emotional distress, and have sustained a general loss of reputation in their business and personal life as a result of this libelous conduct.

19. As a result of the foregoing, Defendant is guilty of the tort of Libel *Per Se* and is obliged to compensate Plaintiffs for the injuries sustained by this conduct as set forth *infra*.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of Plaintiffs DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED and JANE DOE, and against Defendant GOOGLE, INC. in an amount of compensatory damages in excess of the minimum jurisdictional amount necessary to bring a cause of action before the Law Division of the Circuit Court of Cook County. Plaintiffs further seek exemplary or punitive damages in an amount in excess of $50 million along with the appropriate attorneys' fees and costs assessed this Defendant for its tortious conduct.

## COUNT II

## FALSE LIGHT

20. Plaintiffs hereby incorporate and reallege all of the foregoing allegations in paragraphs 1 through 19 of this Complaint Law.

21. As set forth in the preceding paragraphs of this Complaint, including those in Count I, Defendant GOOGLE was aware that the false statements made regarding Plaintiffs were false and were known to be false by those who were utilizing Defendants' sites to publish and spread their libelous statements. After Plaintiffs brought this to the attention of Defendant GOOGLE, Defendant declined to take any steps to remove or even moderate these libelous statements.

22. The statements made attacking Plaintiffs in their professional and personal capacity were such that are and would be expected to be highly offensive to a reasonable person.

23. Defendant GOOGLE, as it was aware of the false and libelous nature of these statements, acted with actual malice when it refused to take any steps to stop or even moderate the repetitious libel referred to above, therefore acting with reckless disregard for whether the statements in question were true or false and further failing to take any steps to either investigate or control the ongoing libel.

24. As a result of the foregoing, Defendant GOOGLE is guilty of the tort of False Light.

25. As a result of its tortious conduct, Plaintiffs have suffered damages as a result of these libelous statements, having lost income as a result and having suffered embarrassment, emotional distress, and have sustained a general loss of reputation in their business and personal life as a result of this libelous conduct.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of Plaintiffs DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED and JANE DOE, and against Defendant GOOGLE, INC. in an amount of compensatory damages in excess of the minimum jurisdictional amount necessary to bring a cause of action before the Law Division of the Circuit Court of Cook County. Plaintiffs further seek exemplary or punitive damages in an amount in excess of $50 million along with the appropriate attorneys' fees and costs assessed this Defendant for its tortious conduct.

## COUNT III

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

26. Plaintiffs hereby incorporate and reallege all of the foregoing allegations in paragraphs 1 through 25 of this Complaint Law.

27. Under Illinois law, a person's business relationships constitutes a property interest and as such is entitled to protection from unjustified tampering by another.

28. Plaintiffs had a valid and enforceable contractual relationship between themselves and their patients which Defendant GOOGLE was aware of and was obliged to respect.

29. Despite this relationship and further despite Defendant's awareness of the existence of the contractual relationship between medical professionals and their patients, Defendant, by publishing and republishing libelous and false statements regarding the improper and unprofessional treatment of patients by Plaintiffs, engaged in the intentional and unjustified inducement intended to cause existing patients to breach and sever their contractual relationships with Plaintiffs.

30. As a result of the libelous statements set forth in the preceding sections of this Complaint, and as a direct and proximate result of these false statements, Plaintiffs suffered a loss of a contractual relationship with existing patients, who read and were expected to believe the libelous statements when published by Defendant.

31. As a consequence of this conduct, which constitutes the tort of interference with contractual relationships, Plaintiffs were damaged through loss of income and reputation by the publication of the false and libelous statements by Defendants.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of Plaintiffs DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED and JANE DOE, and against Defendant GOOGLE, INC. in an amount of compensatory damages in excess of the minimum jurisdictional amount necessary to bring a cause of action before the Law Division of the Circuit Court of Cook County. Plaintiffs further seek exemplary or punitive

damages in an amount in excess of $50 million along with the appropriate attorneys' fees and costs assessed this Defendant for its tortious conduct.

## COUNT IV

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE AND BUSINESS RELATIONSHIPS

32. Plaintiffs hereby incorporate and reallege all of the foregoing allegations in paragraphs 1 through 31 of this Complaint Law.

33. Plaintiffs had a reasonable expectancy of entering into valid business relationships with new patients based on their outstanding and long-existing reputation in the community as well as in the medical profession within the State of Illinois.

34. Defendant was aware of this expectancy when it took the step of creating the so-called review sites, encouraging members of the public for Defendant's profit to review and utilize statements made at those sites as well as at its so-called "blogs" to evaluation whether to enter into a prospective relationship with Plaintiffs and others similarly situated.

35. Defendant, despite this knowledge, published and recklessly permitted the continuation of the publication of the false and libelous statements described earlier in this Complaint, knowing that the publication and distribution of these false statements would interfere with and defeat Plaintiffs' legitimate expectancy of entering into valid business relationships with new patients.

36. As a result of the conduct described above, Defendant GOOGLE committed the tort of interference with prospective business advantage or expectancy, causing a substantial loss in business and reputation to be sustained by Plaintiffs.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of Plaintiffs DOCTOR JOHN DOE, DOCTOR JOHN DOE, INCORPORATED and JANE DOE, and against Defendant GOOGLE, INC. in an amount of compensatory damages in excess of the minimum jurisdictional amount necessary to bring a cause of action before the Law Division of the Circuit Court of Cook County. Plaintiffs further seek exemplary or punitive damages in an amount in excess of $50 million along with the appropriate attorneys' fees and costs assessed this Defendant for its tortious conduct.

                                                                Respectfully submitted,

                                                                NOVOSELSKY LAW OFFICES

                                                                By: _____

David A. Novoselsky
Novoselsky Law Offices
120 North LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 346-8930
Attorney No. 24578